UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

INCREDIBLEBANK,                        )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )        No.:   2:21-CV-41-TAV-CRW
                                       )
SCOTT D. BLOOMQUIST,                   )
                                       )
            Defendant.                 )

## MEMORANDUM OPINION

This matter is before the Court on plaintiff's motion for judgment on the pleadings

[Doc. 11].  Defendant has not responded, and the time for doing so has long passed.

*See* E.D. Tenn. L.R. 7.1(a).  For the reasons stated below, plaintiff's motion for judgment

on the pleadings [Doc. 11] will be **GRANTED**.

## I.    BACKGROUND

In its complaint, plaintiff alleged that, on or about August 25, 2017, it loaned

$746,114.14 to Planet Zero, LLC ("Borrower") [Doc. 1 ¶ 7].  Defendant was a manager

and member of Borrower [*Id.* ¶ 8].  Plaintiff and Borrower entered into a Business Loan

Agreement, which defendant executed in his capacity as "Member" of the Borrower

[*Id.* ¶¶ 9, 11, p. 12].  The Loan Agreement specified that the agreement was specifically

conditioned upon the execution and delivery of an unlimited guaranty of the loan by

defendant [*Id.* ¶ 12, p. 8].

On or about August 25, 2017, defendant executed and delivered to plaintiff a

Commercial Guaranty in satisfaction of the condition in the Loan Agreement [*Id.* ¶ 13].

The Commercial Guaranty provides that: (1) defendant absolutely and unconditionally guarantees full and punctual payment and satisfaction of the loan to Borrower; (2) defendant's guaranty is a guaranty of payment and performance, not collection; (3) plaintiff can enforce the guaranty against defendant even when it has not exhausted its remedies against anyone else obligated to pay the loan or against any collateral securing the loan; and (4) defendant will pay the outstanding balance of the loan upon demand, in legal tender of the United States, in same-day funds, without set-off or deduction or counterclaim [*Id.* ¶ 16, pp. 13–16].[1]  Upon receipt of the Commercial Guaranty, plaintiff delivered the full amount of the loan proceeds to Borrower [*Id.* ¶ 15].

Plaintiff asserts that Borrower defaulted in payment of the loan and performance of its obligations by failing to pay monthly installments of principal and interest on a timely basis [*Id.* ¶ 18].  Plaintiff provided written notice of the default to Borrower and defendant, but both have failed to cure the default within the period of time set forth in the loan documents [*Id.* ¶ 20].[2]  Plaintiff therefore exercised its right to declare the unpaid principal balance and all accrued unpaid interest immediately due [*Id.* ¶ 21].  The unpaid balance of the loan is $357,050.17 [*Id.* ¶ 22].

Pursuant to the terms of the Commercial Guaranty, plaintiff delivered written demand to defendant for payment, but defendant refused to pay the unpaid loan balance [*Id.* ¶ 23].  Plaintiff contends that defendant's refusal to pay is a default under the

---

[1] Defendant denies Paragraph 16 of the Complaint [Doc. 9].

[2] Defendant denies Paragraphs 18 and 20 of the Complaint [Doc. 9].

2

Commercial Guaranty, and it is entitled to enforcement of the Commercial Guaranty [*Id.* ¶ 24].

Plaintiff asserts that, under the loan documents, interest accrues on the unpaid loan balance at the rate of 9.980% per annum and a late charge of 5% accrues on or after the tenth day of each month for any amount that remains unpaid [*Id.* ¶ 25]. Plaintiff also states that it has incurred costs of collection, attorneys' fees, court costs, filing fees, and other expenses in enforcement of the Commercial Guaranty [*Id.* ¶ 26]. The Commercial Guaranty provides that defendant agrees to pay, upon demand, all of plaintiff's costs and expenses, including attorneys' fees and legal expenses incurred in connection with enforcement of the guaranty, however, defendant refuses to pay these expenses in connection with the enforcement of the Commercial Guaranty [*Id.* ¶¶ 27–28, pp. 14–15].[3]

Plaintiff contends that the Commercial Guaranty is governed by the laws of the State of Wisconsin, is a "guaranty of payment," and, under Wisconsin law, the only defense to such is payment of the amount owed [*Id.* ¶¶ 29–30]. Plaintiff requests judgment in the amount of $357,050.17 with pre-judgment and post-judgment interest at the rate of 9.98% per annum and reasonable attorneys' fees and costs [*Id.* at 5–6].[4]

Defendant initially failed to answer the complaint and plaintiff sought a default [Doc. 7]. However, defendant, through counsel, then promptly filed an answer to the complaint [Doc. 9]. In his answer, defendant denied the allegations in Paragraphs 16, 17,

---

[3] Defendant denies Paragraphs 25, 26, and 28 of the Complaint [Doc. 9].

[4] Defendant denies this portion of the Complaint's Prayer for Relief [Doc. 9].

3

18, 20, 25, 26, 28, 32 and Prayer for Relief Paragraph 2 [*Id.* ¶ 1]. He then asserted three affirmative defenses. First, he asserted that plaintiff agreed to finance a combination vehicle in an amount far in excess of its market value, and plaintiff's negligent assessment of the value of the collateral accepted caused defendant to assume unreasonable debt without sufficient collateral [*Id.* ¶¶ 2–3]. Second, defendant argued that plaintiff agreed to finance a combination vehicle which plaintiff knew or should have known was intended for, but not legal for, use on public highways [*Id.* ¶ 4]. Finally, defendant contended that plaintiff agreed to finance a vehicle constructed by a company that does not hold the proper government authorization to manufacture vehicles for highway use, which should render the sale null and void, and defendant should seek compensation from the manufacturer and dealer [*Id.* ¶¶ 9, 11]. Defendant further asserted that this action should be dismissed for failure to include necessary parties, the manufacturer and dealer [*Id.* ¶¶ 12–13].

## II.    ANALYSIS

In its motion for judgment on the pleadings, plaintiff states that, defendant's answer fails to respond to most of the complaint's factual allegations, therefore, under Federal Rule of Civil Procedure 8(b)(6), those factual allegations are deemed admitted [Doc. 11-2, p. 1]. Specifically, plaintiff contends that defendant has admitted: (1) his execution of the Commercial Guaranty; (2) Borrower's default of its payment obligation; (3) that the Commercial Guaranty requires defendant to pay all outstanding amounts on demand after a default; (4) plaintiff has demanded payment; and (5) defendant has not made payment as required by the Commercial Guaranty [*Id.* at 6]. Plaintiff argues that, in light of these

4

admissions, it has proven all elements of a breach of contract under Wisconsin law [*Id.* at 5–6].

Additionally, plaintiff argues that the Commercial Guaranty, on its face, is a guaranty of payment, and, under Wisconsin law, the only defense to enforcement of such is payment [*Id.* at 7].  However, defendant has not asserted any payment defense, and his other defenses do not defeat plaintiff's right to enforce the Commercial Guaranty [*Id.* at 8].  Plaintiff further contends that defendant waived the right to assert any defenses other than payment under the express terms of the Commercial Guaranty [*Id.* at 8–9].  Finally, plaintiff contends that defendant's affirmative defenses are derivative, and therefore, did not impact his personal guaranty [*Id.* at 9–10].  Plaintiff has additionally filed an affidavit setting forth that judgment is requested in the amount of $384,668.59, which includes unpaid principal, accrued and unpaid interest, late charges, attorney's fees and expenses, and repossession fees [Doc. 12].

Federal Rule of Civil Procedure 12(c) provides, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  The standard of review applicable to a motion for judgment on the pleadings under Rule 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6), and the Court likewise may not consider matters outside the pleadings.  *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001); Fed. R. Civ. P. 12(d).  However, the Court may consider exhibits attached to the complaint.  *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008).  "All well pleaded material allegations of the non-moving party's pleadings

5

are taken as true and allegations of the moving party that have been denied are taken as false." *Bell v. JP Morgan Chase Bank*, No. 06-11550, 2006 WL 1795096, at *1 (E.D. Mich. June 28, 2006) (citing *S. Ohio Bank v. Merryl Lynch Pierce Finner and Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973)). The motion should be granted "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *United States v. Moriarty*, 8 F.3d 329, 332 (6th Cir. 1993) (citation omitted).

Under Federal Rule of Civil Procedure 8, a responding party must "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). "A denial must fairly respond to the substance of the allegation." Fed. R. Civ. P. 8(b)(2). If a party fails to deny an allegation, it is deemed admitted. Fed. R. Civ. P. 8(b)(6).

When enforcing a contract in a diversity action, federal courts "will generally enforce the parties' contractual choice of governing law." *Express Packaging of OH, Inc. v. American States Ins. Co.*, 800 F. Supp. 2d 886, 890 (N.D. Ohio 2011). Here, defendant appears to admit, by virtue of not denying, Paragraph 29 of the complaint, which states that the Commercial Guaranty is governed by the laws of the State of Wisconsin [Doc. 1 ¶ 29; Doc. 9 ¶ 1]. Moreover, the Commercial Guaranty attached to the complaint, on its face, indicates that it "will be governed by federal law . . . and, to the extent not preempted by federal law, the laws of the State of Wisconsin without regard to its conflicts of law provisions" [Doc. 1, p. 15]. Accordingly, the Court will treat the Commercial Guaranty's choice-of-law clause as valid and will apply Wisconsin law in determining whether judgment on the pleadings is warranted.

6

Under Wisconsin law, "[a] breach of contract claim requires proof of three elements: (1) a contract between the plaintiff and the defendant; (2) failure of the defendant to do what it undertook to do; and (3) damages. *Sears, Roebuck, & Co. v. Bayshore Town Center, LLC*, 900 N.W.2d 871 (Wis. Ct. App. June 27, 2017) (unpublished table decision) (internal quotations omitted).

## A.     Contract Between Parties

Defendant admits, by virtue of failing to deny, that, as a manager and member of Borrower, he executed the Loan Agreement on behalf of Borrower and subsequently executed the Commercial Guaranty [Doc. 1 ¶¶ 8–14].  Defendant also appears to admit, by not denying, that Exhibit 1 to the complaint is a true, correct, and complete copy of the Loan Agreement and Exhibit 2 to the complaint is a true, correct, and complete copy of the Commercial Guaranty [*Id.* ¶¶ 10, 14].  Exhibit 1 to the complaint reflects that it is a "Business Loan Agreement" between plaintiff and Borrower, signed by defendant as a member of Borrower [*Id.* at 7, 12].  Exhibit 2 to the complaint reflects that it is a "Commercial Guaranty," wherein defendant agreed to act as the guarantor for the loan to Borrower, signed by defendant in his personal capacity [*Id.* at 13, 16].  Accordingly, based on defendant's admissions and the plain language of the attachments to the complaint, the Court finds that a contract existed between the parties, namely, the Commercial Guaranty.

## B.     Failure to Perform

Wisconsin distinguishes "guaranties of payment" from "guaranties of collection." *Park Bank v. Westburg*, 832 N.W.2d 539, 551 (Wis. 2013).  Specifically, the Wisconsin

Supreme Court has defined "guaranties of payment" as "bind[ing] the guarantor to pay the debt according to the terms and conditions of the guaranty," while a "guaranty of collection is a promise that if the principal creditor cannot collect the claim with due diligence, generally following suit against the principal debtor, the guarantor will pay the creditor." *Id.* A guaranty of payment "does not condition liability upon the creditor exhausting remedies against the debtor." *Id.*

The Court notes that defendant appears to deny Paragraph 16 of the complaint, which states that the Commercial Guaranty is a guaranty of payment that plaintiff can enforce against defendant without exhausting its remedies against anyone else [*See* Doc. 1 ¶ 16; Doc. 9 ¶ 1]. However, defendant admits Paragraph 29, by failing to deny that paragraph's allegations, that the Commercial Guaranty is a "guaranty of payment" under Wisconsin law [*See* Doc. 1 ¶ 19; Doc. 9 ¶ 1]. In his answer, defendant provides no explanation for his position regarding the terms of the Commercial Guaranty and has not responded to the instant motion to provide any additional argument.

"Although all well-pleaded material allegations of the pleadings of the opposing party must be taken as true" in analyzing a motion for judgment on the pleadings, the Court is not required to accept a party's legal conclusions as true. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007). Under Wisconsin law, "[t]he interpretation of a contract presents a question of law[.]" *Tufail v. Midwest Hospitality, LLC*, 833 N.W.2d 586, 592 (Wis. 2013). Accordingly, the Court need not accept as true defendant's blanket denial of the terms of the Commercial Guaranty.

8

The Court finds that, on the face of the document, the Commercial Guaranty is a guaranty of payment and performance under Wisconsin law. The Court notes that the Commercial Guaranty attached to the complaint indicates, on its face, that the agreement is a "Guarantee of Payment and Performance" [Doc. 1, p. 13]. The Commercial Guaranty states:

> For good and valuable consideration, Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the Indebtedness of Borrower to Lender, and the performance and discharge of all Borrower's obligations under the Note and the Related Documents. This is a guaranty of payment and performance and not of collection, so Lender can enforce this Guaranty against Guarantor even when Lender has not exhausted Lender's remedies against anyone else obligated to pay the Indebtedness or against any collateral securing the Indebtedness[.]

[*Id.*]. Based on this language, it is apparent that the Commercial Guaranty is a guaranty of payment, because it requires defendant to pay the debt according to the terms and conditions of the Guaranty. *See Park Bank*, 832 N.W.2d at 551.

Defendant admits, by failing to deny, that the unpaid balance of the loan is $357,050.17, which he has refused to pay despite written demand for payment [Doc. 1 ¶¶ 22–23]. Further, defendant admits, by failing to deny, that, as a result of his failure to pay the unpaid loan balance, a default occurred under the Commercial Guaranty [*Id.* ¶ 24]. Accordingly, based on defendant's admissions and the plain text of the exhibits to the complaint, the Court finds that defendant failed to perform as required under the Commercial Guaranty between the parties.

9

### C. Damages

As stated previously, defendant admits, by failing to deny, that the unpaid balance of the loan is $357,050.17, which he has refused to pay despite written demand for payment [Doc. 1 ¶¶ 22–23]. He also admits that his failure to pay was a default of the Commercial Guaranty [*Id.* ¶ 24]. Based on these admissions, the Court finds that plaintiff has suffered damages as a result of defendant's failure to perform under the Commercial Guaranty. Accordingly, the Court finds that, based on the admissions of defendant, plaintiff has established a breach of contract claim.

### D. Defenses

Defendant's answer focuses primarily on several defenses to the breach of contract claim [Doc. 9]. Specifically, defendant raises defenses regarding the sufficiency of the collateral and plaintiff's claims against the manufacturer of the vehicle financed.

However, under Wisconsin law "the defenses available to a guarantor are grounded in the specific terms and conditions of the guaranty contract." *FirstMerit Bank N.A. v. Koenig*, No. 13-cv-534-jdp, 2014 WL 2743190 (W.D. Wis. June 17, 2014) (internal quotation marks omitted). Accordingly, Courts applying Wisconsin law have regularly enforced waivers of defenses in guaranties of payment. *See e.g.*, *CAP Servs., Inc. v. Schwartz*, No. 16-cv-671-wmc, 2017 WL 6209918, at *6 (W.D. Wis. Dec. 7, 2017); *Daimler Chrysler Fin. Servs. Americas LLC v. Hintz Properties, LLC*, No. 07-C-0101-C, 2007 WL 5490687, at *3 (W.D. Wis. Oct. 31, 2007).

Here, the Commercial Guaranty specifically states that defendant waived "any defenses given to guarantors at law or in equity other than actual payment and performance of the Indebtedness" [Doc. 1, p. 14]. In light of the plain language of this waiver provision, contained in the Commercial Guaranty, which defendant has admitted is a true, correct, and complete copy of the Commercial Guaranty [*Id.* ¶ 14], the Court finds that defendant waived his right to raise any defenses against a breach of the Commercial Guaranty other than payment. None of the defenses asserted relate to payment, and, indeed, defendant has admitted that he has not paid the outstanding loan amount [*Id.* ¶¶ 22–23]. Accordingly, the Court finds that defendant breached the Commercial Guaranty and has not raised any viable defenses. Therefore, plaintiff's motion for judgment on the pleadings will be **GRANTED**.

## III.  CONCLUSION

For the reasons stated above, the Court finds that, based on defendant's admissions, there are no genuine issues of material fact and plaintiff is entitled to judgment as a matter of law. Accordingly, plaintiff's motion for judgment on the pleadings [Doc. 11] will be **GRANTED**. An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

11